## Briscoe Fredrickson v. The State.

### No. 2604.   Decided November 26, 1902.

**1.—Rape—Mental Condition of Prosecutrix—Expert Testimony.**

On a trial for rape of a mentally diseased female, it was error to permit a physician who had not qualified as an expert nor examined the prosecutrix as to her mental condition, to testify as an expert, that, from his knowledge of her manner and demeanor, he considered her so mentally diseased as to have no will to oppose an act of carnal intercourse under certain circumstances; the said witness having stated that he could not qualify as an expert and could not answer as a physician.

**2.—Bill of Exceptions—Judge's Qualification.**

When a bill of exceptions is neither approved nor disapproved by the trial judge, but from his explanation it is apparent that something of the character stated in the bill must have occurred, and he ordered the bill filed in the shape in which it was presented, the matter contained in said bill is entitled to be considered and will be reviewed.

**3.—Rape—Argument of Counsel.**

On a trial for rape of a mentally diseased female arguments of an inflammatory nature are especially reprehensible, and it is a menace and threat to state, in argument, that the good people of the county had refrained from mobbing defendant with the expectation that he would be given the highest penalty by the jury.

**4.—Same—Corpus Delicti.**

On the trial for rape of a mentally diseased female the corpus delicti is sufficiently proved by evidence that the prosecutrix was enceinte and the confessions of defendant to his having carnal intercourse with her.

Appeal from the District Court of Rusk.   Tried below before Hon. Richard B. Levy.

Appeal from a conviction of rape; penalty, death.

Appellant was indicted for rape upon Thaddie Hart, a female so mentally diseased as to have no will to oppose the carnal act, he, appellant, knowing her to be so mentally diseased.

Appellant is a negro about 70 years old, the prosecutrix is white and about 17 years of age.   It was proved that the prosecutrix was very weak minded and did not know right from wrong, and that appellant knew that fact.   That she was three months gone in pregnancy at the trial.

Appellant made confession to the sheriff, after his arrest, that he had had carnal intercourse with prosecutrix three times.

*P. O. Beard, W. W. Moore,* and *W. M. Futch,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of rape, and his punishment assessed at death.   The indictment alleges the rape to have been committed on prosecutrix, Thaddie Hart; she, the said Thaddie Hart, being then and there so mentally diseased as to have no will to oppose the act of carnal knowledge; defendant then and there well knowing her to be so mentally diseased, etc.

By the first bill of exceptions, he calls in question the action of the

court in permitting the witness Dr. Crane to state that from his examination of the prosecutrix as a physician, and based on his knowledge of her manner and demeanor, he considered her so mentally diseased as to have no will to oppose an act of carnal intercourse under certain circumstances. Appellant objected to this evidence on the ground that said Dr. Crane had not qualified as an expert on his voir dire examination, "but did testify that he had never made an examination of her mental condition as a physician; that all he knew of Thaddie Hart's mental condition was what he had seen of her at play with other·children, in a general way, as any other man would. He further stated that he could not qualify as an expert, and could not answer as a physician." It is insisted by the Assistant Attorney-General that this bill is insufficient, because the judge does not certify to the facts, but merely certifies that appellant objected on said grounds. We have examined the bill critically, and do not believe it bears out this contention. True, it does state that defendant objected to said testimony because illegal, inadmissible, etc., but it then proceeds to state "that said Dr. Crane had not qualified as an expert on his voir dire, but testified that he never made an examination ·of her mental condition, as a physician," etc., and then states "that he further stated that he could not qualify as an expert, and could not answer as a physician." This, it occurs to us, is a statement of what he did testify to, though in. the bill it comes after the statement that he objected, etc. It is also contended that the court in passing on the qualifications of an expert, should not be controlled by what the witness himself says in regard to his qualification. This might be true if there was testimony, aside from the witness' opinion as to his qualifications, to enable us to determine that he was qualified; yet we do not find such testimony in the bill. As presented, the bill shows that he testified as to the mental condition of the prosecutrix, as an expert and physician, from an examination of her, and based on his knowledge of her manner and demeanor. We do not understand it to purport to show that he rendered his testimony as a nonexpert. He was the only. witness who assumed to testify as an expert, and his evidence was upon a vital issue in this case; that is, that prosecutrix did not possess the will power, on account of her mental disease, to oppose the act of carnal intercourse. Evidently it was bound to prove injurious to appellant.

We do not believe there was anything in the remarks of the county attorney, R. T. Brown, to the effect that the crime committed was one of the most damnable that had ever occurred in that community. We do not understand this to have been a denunciation of appellant, but of the crime itself. Besides, the court reprimanded the attorney, and instructed the jury not to be influenced by such remark.

The third bill of exceptions relates to the remarks of J. H. Turner, who represented the State, as private prosecutor, in closing the argument. The bill sets out that he made use of the following remarks:

"Gentlemen of the Jury: There are many communities and counties where this negro would have already been mobbed, but the good people of this community have chosen to let the law take its course, and they expect you to give the defendant the highest penalty." Defendant excepted to this, because it was trying to influence the jury by holding a mob before them. The court appends to this exception the following: "Ordered filed with the statement that I have no recollection of the words used by counsel to be as stated." This bill is neither, in terms, approved nor disapproved. We gather from the judge's certificate that something of the character stated in the bill must have occurred; some words were used, though the judge said he had no recollection that they were as stated. It was competent for him to have disapproved the bill entirely, and then have stated his recollection as to what did occur, in a bill prepared by himself. If appellant was satisfied, he could then have adopted the statement of the judge. If he was not satisfied, it was then his privilege to have appealed to bystanders. The judge, however, ordered the bill filed in the shape in which it was presented. In Bell v. State, 2 Texas Crim. App., 215, the judge made a similar certificate,—only it was stronger, in that it stated that the exception was not allowed. In passing on the question, the court said: "It is the duty of the judge who presides at the trial, when any charge, order, or ruling made by him is excepted to by defendant, and he tenders a bill of exceptions to the action of the court, if it states the facts as they occurred, to sign it. If he desires to give a' reason for his ruling, it is proper for him to do so. * * * The explanation of the presiding judge to the bill of exceptions in the case at bar does not deprive defendant of his right of having this court pass upon the ruling of the district court on the objections of the defendant to this evidence." And see Spangler v. State, 42 Texas Crim. Rep., 233, 2 Texas Ct. Rep., 149. The fact that the judge did not, in terms, disapprove the bill, or qualify or explain it, or prepare a new bill, but, in this connection, ordered it filed, is a significant circumstance. Under the terms of this certificate, as we understand it, appellant was not in a condition to resort to bystanders on the ground that the bill had been either disapproved or qualified. We accordingly hold that the bill as presented is entitled to be considered. Arguments of an inflammatory nature, in cases of this character, are especially reprehensible. We can not understand the language here used to convey any other idea than to suggest to the jury that the good people of the county had refrained from mobbing appellant with the expectation on their part that appellant would be given the highest penalty. This language was a menace and threat to the jury that should not have been permitted. For authorities, see subdivision 3, sec. 773, White's Ann. Code Crim. Proc.; Powell v. State (decided at the present term), 70 S. W. Rep., 218.

Appellant further insists that this case should be reversed because the corpus delicti was not proven. The prosecutrix herself, being alleged non compos mentis, was not introduced; and the State depended on

evidence to the effect that the prosecutrix was enceinte,—about two or three months in a state of pregnancy. This testimony indicates that some one had carnal intercourse with her; she being of weak mind, not capable of giving consent. This established that some one had committed the offense upon her. In addition to this, the State introduced appellant's confessions to having had carnal intercourse with her; also evidence showing such opportunity on his part. We understand this to be sufficient, under the rules laid down in the authorities. Anderson v. State, 34 Texas Crim. Rep., 546; Kugadt v. State, 38 Texas Crim. Rep., 681, and for other authorities, see White's Ann. Penal Code, sec. 1233.

For the errors discussed, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*