### GEORGE GRAY v. THE STATE.

#### No. 2612. Decided February 11, 1903.

**1.—Forgery—Indictment—Innuendo Averments.**

See opinion for an instrument declared on as the subject of forgery, which did not require innuendo averments to explain it.

**2.—Confession—Warning—Lapse of Time After.**

While it is the rule that, where a confession is made, the previous warning should be operative upon the mind of the party confessing, this rule has no application where the confession immediately follows the warning.

**3.—Same—Corpus Delicti.**

See facts stated in the opinion held sufficient to establish the corpus delicti without the aid of defendant's confession.

**4.—Same.**

While the corpus delicti can not be proved alone by the defendant's confession, the confession may be looked to in aid of the proof of the corpus delicti.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. Charles F. Clint.

Appeal from a conviction of forgery; penalty, four years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*Randolph Paine,* for appellant.—The alleged forged instrument would not, if the same were true, have created, increased, diminished, discharged or defeated any pecuniary obligation, nor would it have transferred or in any manner affected any property whatever.

The indictment is insufficient, because vague and uncertain, and there are no explanatory words showing the meaning of the words used in the alleged forged instrument, so as to make sense of the same. Womble v. State, 44 S. W. Rep., 827; Daud v. State, 34 Texas Crim. Rep., 460; Overly v. State, 34 Texas Crim. Rep., 500; Alexander v. State, 28 Texas Crim. App., 186.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Forgery was alleged upon the following instrument:

"Dallas, Texas, December 21st, 1901.—Mr. Bryant: Kind sir: The guitar and case the boy has down there is all right. I am sick and

in bed and want the money to get me some things I need. I want as much as $5.00 on it and the case. It is all right. Ella Laurence (col) 405 San Jacinto St.

"P. S. Sign his or my name will do."

Appellant's criticism is directed at the supposed weakness of the indictment for want of innuendo averments. The contention in the brief is that, unless Ella Laurence, in case the instrument should be true, would receive the money, it would not be a valid instrument, because Bryant could not recover upon it. We find this language in the brief: "If in this state of affairs Mr. Bryant had sued Ella Laurence on the note set out in this indictment, would it not be sufficient answer for Ella Laurence to say she had never received the money? But Mr. Bryant says the defendant claimed to be the agent of Ella Laurence to receive the money. What if he did? It would only be a falsehood on the part of defendant at the worst. Nowhere does Ella Laurence state in her note that defendant is to receive the money for her." This contention is not sound. If Ella Laurence had signed the instrument declared upon, and appellant had received the money as her agent, or for her, by virtue of the note, whether she received the money, or not, would be immaterial. If the note had been a true one, it made Ella Laurence responsible legally, and the fact that her agent may have appropriated the money received from Bryant would not render it the less forgery; it being a false instrument. Innuendo averments, as we understand, only serve the purpose of explaining a forged instrument when not complete by its terms. Therefore we are of opinion that the indictment is not subject to the criticism, and innuendo averments were unnecessary. We are not discussing the difference between inuendo and explanatory averments.

It is contended that appellant's confession was not admissible, and we are cited to Petty's case (Texas Crim. App.), 65 S. W. Rep., 917, in support of this contention. The Petty case is authority to the extent that, when the confession is made, the previous warning should be operative upon the mind of the party making the confession. We adhere to the rule in the Petty case, and think it is correct; that is, where there is some time elapsing between the warning and the confession, and there might arise a question as to whether the warning was in the mind of the defendant at the time of making it, the State, in order to introduce the confession, must make it apparent that the confession was made in view of and in connection with the previous warning. That rule has no application to the confession in this case, because the confession immediately followed the warning.

It is contended as a third ground for reversal that the evidence is insufficient to support the conviction. The proposition under this assignment is that the corpus delicti can not be established solely on a confession made before the grand jury; that it must be corroborated by other testimony. It is a correct proposition that the corpus delicti can not be proved or established alone by the confession before the

grand jury or anywhere else. Extrajudicial verbal confessions are not sufficient to establish the corpus delicti, and, if that constitutes the State's case, a reversal would necessarily follow. But the State does not rely upon a confession alone. Appellant committed the theft of a guitar from Mrs. Carroll, and took it to the pawnshop of Bryant, and offered to pawn it for money. Being questioned as to the ownership of the guitar, he informed Bryant that it belonged to Ella Laurence. Bryant informed appellant that before he could get the money he would require a note from the owner. Appellant disappeared, but returned in a short time with the note set out in the indictment. Appellant then signed his name to the pawn ticket. Bryant testified the signature was in the same handwriting as the name signed to the note. "It was here admitted by defendant that the signature on the pawn ticket referred to, and that to the alleged forged instrument, and the signature to the alleged confession of defendant before the grand jury, were written by the same person." And appellant, testifying in his own behalf, stated to the jury that he had signed the note declared upon. It was further shown that he had been gone but a few moments—not a sufficient length of time to reach the point in the city he designated as the home or residence of Ella Laurence. Appellant's confession admitted the theft of the guitar and case testified by Bryant, and further stated that he went out from Bryant's establishment, on the street corner, and wrote the order declared upon, and then went back to Bryant and tried to get some money on it, but Bryant refused to let him have it. He further states, "I did not ask Ella Laurence if I could sign her name, and I signed it without her consent." This is practically the State's case. We are of opinion that the corpus delicti is sufficiently proved without the aid of the confession, but, if this is not true, we can look to the confession in aid of the corpus delicti. Kugadt v. State, 38 Texas Crim. Rep., 681. If there was any question of the corpus delicti without the confession, it is certainly clearly proved by aid of the confession, but we are of opinion that the corpus delicti was proved independent of the confession.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]