## GEORGE AUSTIN v. THE STATE.

### No. 3493.   Decided April 10, 1907.

**1.—Rape—Corpus Delicti—Confessions.**

The corpus delicti can be established not by confessions alone, but by confessions in connection with other facts and circumstances.

**2.—Case Stated—Circumstantial Evidence.**

Where upon trial for rape the defendant confessed that he had had carnal intercourse with prosecutrix who was under the age of consent, and the evidence showed that the prosecutrix and defendant slept together as man and wife, etc., the corpus delicti was sufficiently established.

**3.—Same—Charge of Court—Corroboration—Words in Ordinary Use.**

Upon trial for rape where the court instructed the jury that the defendant's confession must be corroborated by other evidence, etc., it was not necessary to define the term corroboration, as said word is not one of technical meaning but one in ordinary use.

**4.—Same—Evidence—Corroboration—Pregnancy—Gestation.**

Where upon motion for new trial it was shown that the fact of pregnancy of prosecutrix, relied upon by the State as corroborating defendant's confession during the trial, could not in the nature of things show that the defendant had intercourse with prosecutrix at the time alleged in the indictment; and the jury had partly based a sufficient corpus delicti upon the theory of a nine months period of gestation at the time of the trial, a new trial should have been granted.

Appeal from the District Court of Cass.   Tried below before the Hon. P. A. Turner.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Hill Stewart* and *Hart, Mahaffy & Thomas,* for appellant.—On the proposition that the corpus delicti cannot be shown by the confessions of defendant alone: Ex parte Patterson, 16 Texas Ct. Rep., 710; Wright v. State, 11 Texas Ct. Rep., 977; Barnard v. State, 8 Texas Ct. Rep., 386.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape and his punishment assessed at ten years confinement in the penitentiary; and prosecutes this appeal.

The facts show that the prosecutrix was 14 years of age, and lived with her father, who was a negro on a rented place in Cass County. The appellant lived on the same place.   On the 9th of April, 1906, prosecutrix, without the consent of her father, ran away with appellant.   On the night of the 9th of April prosecutrix and appellant stayed at the house of a negro in Cass County, occupying the same room and bed.   The negro with whom they stayed believed them man

and wife. · Subsequently they went to Red River County, and about the 8th of May were married in the last named county. On the 18th of May appellant was arrested charged with this offense. The only proof the State had of the alleged rape was that the prosecutrix and appellant slept together as man and wife at the house of the witness Dock Finley, and that on the subsequent trial appellant testified that he had carnal intercourse with prosecutrix that night. In addition to this it was shown prosecutrix was not in attendance on court at the trial, which occurred on the 12th and 13th of February, 1907; that she was then pregnant and expecting to be confined any day and was consequently unable to attend. Appellant insists that this is not sufficient evidence of the corpus delicti. We do not agree with this contention. The corpus delicti can be established not by confessions alone, but by confessions in connection with other facts and circumstances. Here the circumstances relied on, in addition to appellant's confession, was that the parties, prosecutrix and appellant, slept together in Cass County on the night of the 9th of April, 1906, as man and wife; that they were subsequently married, and that at the term of court, when the trial took place, which was within three or four days of the nine months allowed for gestation, she was then in an advanced state of pregnancy and expecting to be confined on any day. We think this is sufficient evidence to establish the corpus delicti. · See Fredrickson v. State, 44 Texas Crim. Rep., 288; Gray v. State, 44 Texas Crim. Rep., 478, and Kugadt v. State, 38 Texas Crim. Rep., 681.

Appellant also contends that the charge of the court on corpus delicti is a charge on the weight of the evidence. We do not think so. The jury were distinctly told that the confession alone was not sufficient to prove carnal knowledge by defendant of Louida Allen. They were then instructed if they believed from the evidence that the defendant admitted or confessed that he had carnal knowledge of Louida Allen, and if they further believed such confession had been corroborated by circumstantial evidence, and if from the whole evidence they believed beyond a reasonable doubt that defendant had such carnal knowledge of said Louida Allen, and that she was a female under 15 years of age, and not the wife of defendant, to find him guilty as charged. While this singles out the character of testimony adduced on the trial to prove the corpus delicti, it left the matter of fact to be determined by the jury and required them to believe same beyond a reasonable doubt. We do not believe the court was required to instruct the jury what "corroboration" meant or to define said term to them; said word is not one of technical meaning but is in ordinary use, and its meaning generally understood.

The serious question in this case is involved in appellant's motion for a new trial; he made affidavit that said Louida Allen (prosecutrix) was his wife, having married her on the 8th of May, 1906, in Red River County, Texas, and that he was arrested on the 18th of May, 1906, and had ever since been confined in jail and not having copulated

with her since his confinement; that the State had used and relied on the circumstances of Louida Allen's advanced state of pregnancy at the trial, which was on the 13th of February, 1907, as corroborative evidence of the fact of appellant's carnal intercourse with her on the night of the 9th of April, 1906. Motion for a new trial was made on the 27th of February, 1907, and the affidavit shows that said prosecutrix had not then been delivered of a child, and we understand his contention to be that the fact of pregnancy, used by the State at the trial as a circumstance corroborative of other evidence, had been shown by the lapse of time and non-delivery of the child to have been in effect destroyed and dissipated as a circumstance against him. We take it, from the course of the trial that this was material testimony relied on by the State at the trial to show copulation. At that time only two or three days over nine months for gestation had elapsed, and she was then expecting to be confined immediately, and, of course, could not be regarded by the jury as a very potent fact; but after the lapse of two weeks beyond the nine months, the period of gestation, it appears that she had not then been confined, which would be a strong circumstance to show that the fact of pregnancy relied upon by the State during the trial could not, in the nature of things, show that appellant had intercourse with prosecutrix on the night of the 9th of April, as claimed by the State. This was in the nature of newly discovered evidence, and we believe entitled appellant to a new trial. The testimony of the corpus delicti, while sufficient, was not by any means strong, and this fact of pregnancy and expected delivery of the child immediately must have been considered by the jury in arriving at their verdict. On a subsequent trial this testimony, which was introduced against appellant if in fact it cuts any figure at all, will be greatly weakened.

The judgment of the lower court is accordingly reversed and the cause remanded.

*Reversed and remanded.*