IRA COTTON v. THE STATE.

No. 11977.   Delivered February 6, 1929.
Rehearing granted June 26, 1929.

The opinion states the case.

*Dial & Brem* of Sulphur Springs and *Crosby & Estes* of Greenville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, assault to murder; penalty, fifteen years in the penitentiary.

Appellant and the injured party, Liston Scroggins, were brothers-in-law, appellant having married a half-sister of Scroggins. The injured party was a boy about seventeen years old. Evidence was introduced tending to prove the State's theory that appellant induced prosecuting witness to take out a policy of $6000.00 insurance with an indemnity clause entitling the beneficiary to $12,000.00 in case of accidental death and naming the wife of appellant as beneficiary; and that thereafter witness was shot through the head with a pistol by appellant. Some of the testimony tending to bear out the State's theory shows in substance that appellant advised prosecuting witness to take out such insurance, accompanied him to the office of one Spurlock, an insurance agent, secured said insurance policy on the life of prosecuting witness, paying therefor and having the policy

delivered to him; that same was kept secret from the mother and father of prosecuting witness; that appellant had a pistol hidden in a laprobe and induced prosecuting witness to hold said laprobe up to his head, pretending there was a cricket or rat in there, and while holding it to his ear, appellant being hidden from view by the laprobe, pulled the trigger of the pistol and shot prosecuting witness, the bullet going entirely through his head. Witness recovered and testified at the trial. Appellant's defense was that the shooting was an accident with which he had no connection.

Complaint is made in Bill of Exception No. 1 of certain leading questions propounded to prosecuting witness. Nothing is shown in the bill that could have injured appellant or prejudiced his case and in the absence of such a showing the bill fails to show reversible error. West v. State, 2 Tex. Crim. App. 474; Branch's P. C., Sec. 157.

By Bill of Exception No. 9 it is reflected that appellant, while testifying in his own behalf, was required to answer that he had been indicted previously for murder and for assault to murder and further testified to the result of the trial of himself on each of said charges. This was objected to as immaterial, irrelevant, prejudicial and as not the best evidence. Having offered himself as a witness, such proof was material and relevant as affecting his credibility as such. The inquiry was a proper one and such matters do not have to be proven by certified copies of indictments or judgments of conviction under the circumstances named. Lights v. State, 21 Tex. Crim. App. 313; Branch's P. C., Sec. 167.

Objection was made to proof by the father and mother of prosecuting witness as to whether they had ever seen their boy with as much as fifty or sixty dollars. Since it was made an issue as to who paid for the policy of insurance, appellant contending that prosecuting witness did and the State contending that appellant paid for same, such testimony was, we think, relevant upon this issue. The witnesses were shown to be in a position to know whether or not the boy possessed any money and we regard it as highly material to show that prosecuting witness could not have paid for the policy of insurance on his life.

Bill of Exception No. 14 sets out an extended argument of the County Attorney, too long here to quote. It is claimed that the effect of this was an insistance upon a conviction because of the commission by appellant of the crimes of murder and assault to murder, which was introduced only as affecting his credibility. The

Court instructed the jury both orally and in writing that this evidence was to be considered only in passing on the credibility of the witness. Granting that the effect of this argument was as claimed, we do not think that it presents such error as demands a reversal. No special charge was asked to disregard same. The law governing such matters has been too ofttimes stated to make profitable a reiteration or elaboration of same. All such arguments must be appraised in the light of the entire record and verdict rendered. The argument complained of does not impress us as being of that character the effect of which cannot be cured by an instruction from the Court. See Yett v. State, 7 S. W. (2nd) 94, and authorities there cited. We are convinced that the verdict of the jury was in response to the evidence, which seems amply sufficient to support a conviction, rather than in response to any improper argument. While the jury assessed the maximum penalty, this is not surprising if the jury gave credence, which they undoubtedly did, to the State's testimony. Without intending to commit ourselves to the expression of any opinion as to the guilt or innocence of appellant, we can conceive of no reason for a jury being lenient toward an accused whom they believed guilty of attempting the murder of an unoffending boy for the insurance on his life.

Bills of Exception Nos. 2, 3, 4, 7, 8 and 11 all bear the following notation at the conclusion of same: "Examined, refused, filed as a part of the record in this case. Grover Sellers, Judge." No qualification or explanation appears to any of these bills, nor does there appear any substitute bills prepared and filed by the judge in lieu of same. Under these circumstances we are compelled to consider all these bills of exception. Addressing himself to the same question, Presiding Judge Morrow in Rosa v. State, 86 Tex. Crim. Rep. 651, uses the following language:

"Some, though not all, of the bills of exceptions to which we have referred are those filed in time but marked 'Refused.' The procedure to be followed by the trial judge when a bill of exceptions is prepared and presented to him within the time allowed by law for filing it is provided by statute. Exon v. State, 33 Texas Crim. Rep. 461; Thomas v. State, 83 Texas Crim. Rep. 325. Where a bill is prepared by the appellant, and presented to the trial judge in time, it is his duty, if he disagrees from its correctness, to file with it a bill which presents the true record. This affords the appellant the opportunity to prepare and file a bystander's bill; but when the trial judge fails to adopt such procedure, and files a bill marked 'Refused,'

the appellant is entitled to either have the bill considered or to have a reversal because it is denied him. It has been the practice under such circumstances to consider the bill. Butler v. State, 64 Texas Crim. Rep. 482, 142 S. W. Rep., 904; Exon v. State, 33 Texas Crim. Rep. 468; Belo v. Wren, 63 Texas 728; Tyson v. State, 14 Texas Crim. App. 390; Bell v. State, 2 Texas Crim. App. 215; Fredericson v. State, 44 Texas Crim. Rep. 290."

See especially Jones v. State, 229 S. W. 869, where the subject is exhaustively discussed.

Three of these bills marked "Refused" upon their face present a serious question.

By Bill No. 4 it is made to appear that appellant offered to prove by the insurance agent, Chapman Spurlock, while upon the witness stand that at the time the alleged injured party, Liston Scroggins, applied for the policy in question he objected to paying the premium in advance and said that he would leave the money with the appellant and he would pay the premium and that he would leave the money with him for that purpose. Practically the same question is presented in Bill No. 3. Since this tended to prove that prosecuting witness and not the accused paid the premium in question, it was, we think, highly material. Looking to the statement of facts, however, we find that the Court permitted proof of substantially the same facts. If he made the ruling complained of, he must have thereafter withdrawn same and permitted the proof, which action rendered the error, if any, in his former ruling harmless. Goode v. State, 57 Tex. Crim. Rep. 220.

What is said above also disposes of appellant's Bill of Exception No. 8.

Some of appellant's bills are so qualified by the Court as to clearly show no error and their discussion is not deemed necessary.

We have carefully examined all of the alleged errors in the record, and finding no merit in any of them, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

OPINION ON MOTION FOR REHEARING.

MARTIN, JUDGE.—Upon a careful reconsideration of appellant's Bill of Exception No. 14 relating to the improper argument of the

County Attorney, we have been forced to the conclusion that the argument therein set out was of such a highly prejudicial character as to compel a reversal of this case. The argument is rather lengthy. Part of the language is as follows:

"There's a man 30 years old according to his own testimony and quite handy with guns. * * * Here's a man charged with murder, here's a man that pleaded guilty to assault to murder—the same kind of case he is being tried for now, assault to murder, you get me. * * * Gentlemen it is a case that requires at the hands of a courageous jury, a verdict that will put a stop to those things. * * * That kind of a man that has run and ruled over this county with a gun in his hand; that has pleaded guilty to assault to murder; that has been charged with murder, ought to be placed in an institution where no longer he can become a menace to society."

The evidence of appellant's indictment for other crimes was admissible for only one purpose and the Court so instructed the jury, viz: As affecting appellant's credibility as a witness. The purpose and effect of the language set out in the above bill was to insist upon its misappropriation by the jury and to its use by them as evidence of his guilt of the charge for which he was being tried. Our attention had not been called when we wrote the former opinion to the cases of McClure v. State, 100 Tex. Crim. Rep. 551, and Jarrott v. State, 96 Tex. Crim. Rep. 239, where this same subject was discussed and language of a similar nature held reversible error. It is a matter of regret that the zeal of prosecuting attorneys will lead them to hazard a victory for the State by the use of such language, but if the law is to be followed as announced in the cases cited herein, a reversal of this case is forced upon us. See also Wilson v. State, 95 Tex. Crim. Rep. 620; Taylor v. State, 50 Tex. Crim. Rep. 560; and Meyers v. State, No. 12726, this day decided, where the same question will be found fully discussed. We can add nothing to what is said on the subject in the above cases.

Motion for rehearing granted, judgment of affirmance set aside and judgment of the trial court reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.