## HENRY HUNT V. STATE

No. 26,836. February 17, 1954
Rehearing Granted March 31, 1954
State's Motion for Rehearing Denied
(Without Written Opinion) May 12, 1954

*Edgar Hutchins* and *B. J. Pemberton,* Greenville, for appellant.

*O. S. Moore,* County Attorney, Greenville, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of whisky for the purpose of sale; the punishment, enhanced by two prior convictions, one year in jail and a fine of $500.

The state moves to dismiss the appeal, contending that the recognizance is defective.

Art. 831 C.C.P. sets out the required form for a misdemeanor recognizance on appeal and provides that such form of recognizance shall be sufficient and, when complied with, shall confer jurisdiction on this court of the appeal.

Cases cited by the state in support of its motion were dealing with a prior statute and not the present Art. 831 C.C.P. See Reeves v. State, 158 Texas Cr. Rep. 27, 252 S.W. 2d 468.

The state contends that notice of appeal was not given during the term at which the conviction was had, the notice of appeal and recognizance being entered at a later term of court.

Art. 755 C.C.P. as amended by the 52nd Legislature (Art. 755 V.A.C.C.P.) reads as follows:

"A motion for new trial shall be filed within ten (10) days after conviction as evidenced by the verdict of the jury, and may be amended by leave of the court at any time before it is acted on within twenty (20) days after it is filed. Such Motion shall be presented to the court within ten (10) days after the filing of the original or amended motion, and shall be determined by the court within twenty (20) days after the filing of the original or amended Motion, but for good cause shown the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal.

"A Motion for new trial may be filed after the expiration of the term at which said conviction resulted, either during a new term of court or during vacation, and a Motion for new trial may be determined in vacation or at a new term of court, and need not be determined during the term at which filed."

The provision of this amended statute that the motion for new trial may be determined in vacation or at a new term must be read in connection with Arts. 826 and 827 C.C.P.

The motion for new trial having been overruled at a subsequent term, we conclude that the notice of appeal may be given and a recognizance entered into during such subsequent term.

We overrule the state's motion to dismiss the appeal.

The state's witness F. M. Clarkson was an agent of the Texas Liquor Control Board.

Both Clarkson and Deputy Sheriff Cecil Kirk testified that that they had concealed themselves on a vacant lot adjoining appellant's home when appellant drove into his garage. His wife and two small children were with him in the car.

According to these witnesses appellant's wife then came out of the garage and went to her back door. She was carrying a box and, according to Officer Clarkson, placed it on the back porch steps.

The box was seized by the officers and was found to contain 48 half-pints of whisky. The box and whisky was admitted in evidence.

Appellant and his wife both testified that the box of whisky did not belong to them and that they first saw it when Officer Clarkson exhibited it to them.

Another defense witness testified that she had been riding with appellant and his family and saw no whisky in the car. She had been left at her home a few moments before appellant drove into his garage.

It was stipulated that appellant had been twice previously convicted for possessing intoxicating liquor in a dry area and that Hunt County, where appellant resided, was a dry area.

The jury evidently accepted the state's testimony and we are unable to agree that the evidence is not sufficient to sustain their verdict.

Appellant prepared and presented for approval six formal bills of exception, each of which appears to have been marked "refused," but signed by the trial judge without further explanation.

There are no bills prepared by the court or bystander's bills and the statement of facts is in narrative form and therefore there are no informal bills which may be considered.

Under the rule stated in Cotton v. State, 113 Texas Cr. Rep. 188, 19 S.W. 2d 319, and cases there cited, we will consider the bills of exception as presented to the trial judge for approval.

118

Bill No. 1 presents no error, but will be discussed because of the unique situation it reveals which is relevant to the consideration of other bills.

Appellant and his wife were jointly charged with possession of whisky for the purpose of sale in a dry area. A motion for severance was filed requesting that appellant be first tried. Bill No. 1 recites that the severance was granted "for the purpose of allowing Mrs. Hunt to testify for her husband Henry Hunt, defendant herein, and in order that she might have no cloud over her head as a witness for Henry Hunt . . . " The bill then presents as error the fact that the county attorney read the information to the jury, thereby informing them that appellant's wife was also charged with the offense.

The bill and the record show that the wife testified as a witness in behalf of the appellant.

We say the situation is unique because under the provisions of Art. 82 P.C. and Art. 711 C.C.P. persons charged by indictment with the same offense cannot be introduced as witnesses for one another. The same rule applies where the charge is by complaint and information. Sola v. State, 80 Texas Cr. Rep. 113, 188 S.W. 1005.

And where severance is claimed, the accused first tried becomes available as a witness for the other only if acquitted.

Appellant and his wife had the right to sever and to agree upon the order in which they should be tried. Art. 650-652 C.C.P.

But Art. 651 C.C.P. provides for severance where the evidence of the co-defendant is believed material to the defense of the other. Under this statute "such party whose evidence is so sought shall be tried first."

Contrary to these statutes, the bill is predicated upon the assumption that appellant (who agreed to be tried first) was entitled to the testimony of his co-defendant wife without the "cloud" resulting from a showing that she also was charged with the offense.

The answer is, of course, that he was not entitled to her testimony at all. We are unable to follow appellant's suggestion that the granting of severance "'impliedly" was a dismissal of the charge against Mrs. Hunt.

Bill No. 2 complains that the witness Clarkson when asked whether or not he knew who Mrs. Hunt was talking to over the telephone, just prior to her arrest, answered "No, I do not, but I guess she was calling her daughter Launa Pritchett, to tell her and warn her that the liquor control man was in town." The bill reveals that the daughter had been convicted on the day previous to appellant's trial, and some of the jurors in that case were on appellant's jury.

Appellant's objection was sustained and the jury was instructed to disregard the answer of the witness.

Bill No. 3 complains that Witness Clarkson, being questioned as to the identity of a third person who came to appellant's home at the time of the arrest, replied "I don't know. Another one of their customers I guess." Appellant's objection to the answer was overruled.

Any error shown in Bills 2 and 3 is harmless in view of appellant's testimony. He testified:

"Q. Do you mean to say you are still in the liquor business? A. Yes."

"Q. Do you still make your living bootlegging? A. Yes."

Defendant further testified, on re-direct examination, "that he had been having ear trouble and did not hear and understand some of the questions asked him by his lawyer and the County Attorney and that he did not intend to say that he was still engaged in the liquor business at the time he was arrested, but intended to say that he was not in the business at the time that he was arrested, but had quit sometime before that time; that he had not had any whisky on his premises for a long time."

Bills 4 and 5 complain of certain questions propounded to Mrs. Hunt on cross-examination regarding her knowledge of appellant having been previously convicted of the offenses alleged for enhancement purposes.

It was stipulated that he had been so previously convicted, and as stated, the witness should not have been permitted to testify.

No harm to appellant resulted from the asking of the question and these bills show no reversible error.

The remaining bill relates to the argument of the county attorney wherein he said "Gentlemen, we have got to put a stop to these bootleggers in this County."

Under the facts we are unable to agree that the complained of remarks were of a nature calling for reversal.

The physical handicap which appellant suffers is one which deserves sympathy. It is unfortunate that one so afflicted sometimes feels that the law should not be enforced against him because of his physical handicap.

We cannot permit our sympathy for the accused to enter into our disposition of his appeal in which we find no reversible error.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Our attention is for the first time called to the fact that the evidence does not show that the home of appellant, where the whisky was seen by the officers, was in Hunt County, the dry area alleged in the complaint and information.

The statement of facts purports to contain a true and correct statement of all of the evidence adduced on the trial and is agreed to by counsel and approved by the trial court.

The city mentioned in the statement of facts is not the county seat of Hunt County and we are not permitted to take judicial notice that it is in said county. The statement in our original opinion to the effect that appellant resided in Hunt County is therefore not supported by the record.

The state having failed to prove that the whisky was possessed in Hunt County, as alleged in the complaint and information, requires that the conviction be reversed. Sims v. State, 157 Texas Cr. Rep. 143, 247 S.W. 2d 1022; Yarbrough v. State, 159 Texas Cr. Rep. 302, 263 S.W. 2d 557.

Appellant's motion for rehearing is granted, the order of affirmance is set aside and the judgment is now reversed and the cause remanded.