LUTHER FULLER v. STATE

No. 28,146. March 7, 1956.

Appeal Reinstated and Motion for Rehearing Denied May 2, 1956.

*Theo Ash,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an appeal from a conviction for possession of whisky, wine and beer in a dry area for the purpose of sale, the jury having assessed a $500 fine as punishment.

Notice of appeal was given on August 29, 1955, on which day during the August term appellant's motion for new trial was overruled.

On the same day appellant entered into an appeal bond.

Art. 830 V.A.C.C.P., construed in the light of Art. 755 V.A. C.C.P. as amended by the 52nd Legislature, requires that during the term at which notice of appeal is given, the defendant shall enter into a recognizance. Hunt v. State, 160 Tex. Cr. R. 115, 269 S.W. 2d 385. Only after the expiration of such term may he obtain release from custody upon an appeal bond.

Appellant being at large under an appeal bond given during the term of court at which his motion for new trial was overruled and notice of appeal was given, this court is without jurisdiction to enter any order other than to dismiss the appeal.

The appeal is dismissed.

ON APELLANT'S MOTION TO REINSTATE APPEAL

WOODLEY, Judge.

The appeal is reinstated, bond on appeal having been entered into.

Officers acting under authority of a search warrant authorizing search of a residence located at 897 N. Treadway, in the city of Abilene, Taylor County, Texas, "together with all motor vehicles, outbuildings and all premises pertaining thereto," made a search of said premises which the evidence shows to have been the home of appellant. He was not at home at the time of the search.

In the back yard, "between the back of the house and the garage" and some 15 feet from a Cadillac car, which was parked in the driveway and had to be moved in order to unload it, was a 1940 Model Ford Tudor, in the trunk of which was found 128 half-pints of whisky, 24 pints of whisky and 12 four-fifths of wine. Two 32 ounce bottles of Jax Beer were found in the garage.

The evidence shows that the 1940 Ford car in which the whisky and wine were found was registered in the name of Bill Prince who, appellant testified, had upon moving from Abilene to Ft. Worth, turned it over to him to be sold, leaving with him the certificate of title with transfer signed in blank. After the whisky and wine had been removed by the officers the car was left on the premises and was thereafter sold by appellant to a Mexican for $65.

Appellant had exercised control over the Ford car for some four months at the time of the search, during which time it had been parked on a vacant lot, in the alley to the rear of appellant's home and in the back yard.

It was appellant's contention that one Early Guinn, who was his friend, came to his home looking for a place to stay and he took him in and gave him a job.

The following morning Guinn expressed an interest in acquiring the Ford car, which at that time was parked in the alley. Appellant testified that he gave Guinn the keys, and about 11:15 that night the car "drove up in the yard back beside my board fence." Guinn spent the night in appellant's home and ac-

companied him to a cafe for coffee the next morning. He declined appellant's offer to take him back to the home and appellant never saw him again. Appellant testified that he was unable to find him when he learned some two hours later that the officers had searched and found the whisky and wine in the car, and had not since been successful in locating him.

Appellant offered a witness who testified that Guinn came to her home about 8 or 8:30 one night and said "I knocked off a little deal — a little whisky" and said it was in the car parked out in front, the car being an old Ford.

Under appropriate charge the jury rejected appellant's defense that the whisky and wine were possessed and controlled by Early Guinn and not appellant, and agreed with the state that such hypothesis was not true.

The jury was charged upon the law of circumstantial evidence, and in support of the contention that appellant was aware of the presence of the whisky and wine found in the Ford car, which he denied, the state offered evidence to the effect that "some other stashes" were found on the premises, otherwise referred to in the evidence as "concealed hiding places."

"Q. I will ask you, Mr. Hood, whether or not you found any places where they had been stored. A. Yes, sir.

"Q. All right. How did you know it? A. Well, right where the entrance to the garage there is a big barrel buried in the ground and just about that big, I found that.

"Q. Was any rag wrapped around it or anything of that nature any other place? A. Yes, sir, I found another one in the storage room. * * * Storage room at the back of the garage, he had a lot of old furniture piled in there on top of it, and there was a hole dug under the floor.

"Q. Could that hole have been one that had been made there or what? A. Yes, sir, it had been dug there."

We find the evidence sufficient to sustain the jury's verdict.

Bills of Exception 1 and 2 complain that the search of the premises was unlawful. As we understand these bills, they are predicated upon the misspelling of a word.

The affidavit and warrant allege that the premises to be searched were "occupied by, in charge of and under the control of person or persons whose name or names or whos descriptions *or* unknown to affiants."

Except for the italicized word *or* appearing where, properly spelled, the word should have been *are*, there appears to be no substantial defect in the allegation.

We hold that the misspelling of the word *are* is not fatal to the validity of the affidavit. See Gaines v. State, 161 Tex. Cr. Rep. 589, and 279 S.W. 2d 96 and 281 S.W. 2d 94. Weeaks v. State, No. 27934 (page 226 this volume), 289 S.W. 2d 758, and cases there cited.

Bills 3 and 5 complain of the evidence above referred to as to the "concealed hiding places on the premises."

The objection would appear to go to the weight of this evidence rather than its admissibility. Be this as it may, the bills as qualified certify that none of the reasons for the objection stated in the bill were ever mentioned by appellant's counsel in the trial of the case. Such bill is not sufficient to present reversible error.

Bill of Exception No. 4 complains of a remark of the judge who presided at the trial in ruling upon an objection to the question propounded to Officer Hood as to whether he found any concealed hiding places on the premises.

The statement of the judge was: "I don't think that is out of line, if Mr. Hood found them, if there is some place where they were stored or had been stored."

In the light of the testimony of Mr. Hood herein quoted, the remark of the court is not deemed of such prejudicial character as to warrant a reversal of the conviction.

The judgment is affirmed.