LLOYD SPARKMAN v. THE STATE.

No. 1006. Decided March 1, 1911.

**1.—Malicious Mischief—Continuance.**

Where, upon trial of malicious mischief, the application for continuance showed that the absent witness was under a similar charge, he was not a competent witness, but the application was properly overruled.

**2.—Same—Evidence—Identity of Defendant.**

Upon trial of malicious mischief, where the witness was not permitted

to give his opinion as to the identity of the parties whom he met but was allowed from their appearance, etc., to give his impressions as to who they were, the same was admissible in evidence.

Appeal from the County Court of Hopkins. Tried below before the Hon. F. W. Patterson.

Appeal from a conviction of malicious mischief; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The information and complaint contain two counts, the first charging appellant with wilfully and wantonly, cruelly and unmercifully beating a horse, and the second charging that appellant took up and used the horse without the consent of the owner, Clinton Browning. There was no evidence to support the first, but we are of opinion the evidence, though not strong, is sufficient to justify the verdict of the jury in convicting appellant under the second count.

There was a party which appellant and others attended. Browning drove to the party in his buggy. One of the officers present testified that he saw two parties get in the buggy and drive away, one of whom he recognized as appellant. The buggy was found at a town some three miles away an hour or two after it was driven away. The theory of the State was that appellant and Sam Crabb were in the buggy and drove it away.

Appellant sought a continuance on account of the absence of Crabb, for whom he had issued process and by whom he expected to prove that he did not drive the buggy away. The court signs the bill of exceptions with the statement that Crabb was under a similar charge. This being true, and we take it that it is true, under the circumstances he would not be a competent witness.

Another bill of exception recites that while the witness Marr was testifying, he was permitted to state that while walking back home from the party at Joe Allen's, going towards Winnsboro, two parties in a buggy passed him going towards Winnsboro; that he did not know who they were, but from his best impression it was appellant and Sam Crabb. Objection was urged to this, unless the witness would identify one of the parties in the buggy as being appellant, which the witness said he could not do, and appellant moved the court to strike out the evidence of the witness Marr on the ground that it was vague and indefinite. The court in signing the bill states that the witness was not permitted to give his opinion as to the identity of the parties in the buggy, but from their appearance, bulk, form, etc., he gave his impression as to who they were. We are of

opinion there was no error in this ruling. The testimony was perhaps not of much force or cogency, but this would go more to the weight than to the admissibility of the evidence.

Believing there was no reversible error committed upon the trial, it is ordered that the judgment be affirmed.

*Affirmed.*