## T. F. Robertson v. State.

### No. 971.   Decided October 11, 1911.

**1.—Disturbing Peace—Sufficiency of the Evidence.**

Where, upon trial of disturbing the peace, the evidence sustained the conviction, there was no error.

**2.—Same—Bill of Exceptions.**

Where the bill of exceptions did not show what the other testimony was, so as to inform the court whether the testimony objected to by the State was admissible, the same was insufficient.

**3.—Same—Evidence—Witness—Codefendant.**

Where the bill of exceptions as qualified by the court showed that the witness was incompetent to testify because he was charged with the same offense, there was no error in excluding his testimony. Article 91, Penal Code.

Appeal from the County Court of Rains. Tried below before the Hon. O. H. Rodes.

Appeal from a conviction of disturbing the peace; penalty, a fine of $10.

The opinion states the case.

*W. W. Berzett,* for the defendant.—Upon question of competency of witness: Secker v. State, 13 S. W. Rep., 774.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—By proper complaint and information the appellant was charged in the County Court with disturbing the peace.

The evidence introduced was sufficient to establish, and the jury by its verdict evidently so found, that the appellant at night on the public streets in the town of Emory, Rains County, in company with another, sang vulgar songs, and talked loud and holloed. The talking and singing was loud and vociferous and all done in such a manner as to disturb the peace. In view of the verdict of the jury and the action of the lower court, the evidence was amply sufficient to sustain the verdict. So that appellant's contention that the evidence was insufficient is not well taken.

By appellant's bill of exceptions it is shown that the State offered in evidence the testimony of W. L. Green to the effect that he was in his home asleep and some one holloing woke him up; that he did not know who it was holloing, or what time of night it was when he heard the holloing; it was sometime between the hours of 9 and 12 o'clock on the night of the 13th of March, 1910. "I didn't know that the defendant was in town .on that night," to which testimony the appellant then and there objected, which said objection was overruled by the court, and said testimony was admitted, to which appellant excepted. It will be seen that this bill is clearly insufficient in that it does not inform the court of what the other testimony was so as to show whether or not this was admissible, nor is any objection stated in the bill. As the matter is presented to us there was no error in the action of the court.

By another bill the appellant complains as follows: "The defendant offered Grover Stuart as a witness for the defendant. That he would have testified that he was with the defendant on the night of the 13th of March, 1910, and that he knows he did not commit the act alleged against him in the information in this cause. That he did not curse or swear or use loud and vociferous language or yell or shriek. That the State objected to the testimony of Grover Stuart for the reason that the State claimed that this witness was a principal in the commission of the offense alleged in the information against the defendant; that he was charged with disturbing the peace at the same time and place, and the court sustained said objection and excluded said testimony, to which appellant excepted." The court in approving this bill qualified it by stating "the witness, Grover Stuart, was at the time he was offered as a witness, charged by information then filed in this court, with having committed the same offense as the defendant at the same time and place, and the proof showed that they were singing and holloing together."

Article 91 of the Penal Code, provides: "Persons charged as principals, accomplices or accessories, whether in the same indictment or by different indictments, can not be introduced as witnesses for one another, but they may claim a severance; and if any one or more be

acquitted they may testify in behalf of the others." This bill shows that this witness was incompetent to testify as proposed by this bill, and the court did not err in excluding the testimony. Art. 91, Penal Code; Rutter v. State, 4 Texas Crim. App., 57.

There being no reversible error pointed out, the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.