## WILLIE SOLA V. THE STATE.

### No. 4189. Decided October 18, 1916.

**1.—Aggravated Assault—Incompetent Witness—Words and Phrases.**

Article 91, Penal Code, and article 791, Code of Criminal Procedure, not only disqualify those who may be indicted as principals, but also those who are prosecuted as such by complaint and information, and the word indictment in said articles means alleged accusation, and where defendant's wife was charged with the same transaction by complaint, charging a simple assault, she was incompetent to testify for the defendant; who was charged with an aggravated assault. Following Oliver v. State, 65 Texas Crim. Rep., 150, and other cases.

**2.—Same—Judicial Knowledge.**

Where both complaints were pending in the County Court, one against the husband and the other against the wife, said court had judicial knowledge of the complaint against the wife when she offered to testify.

Appeal from the County Court at Law of Harris. Tried below before the Hon. S. B. Ehrenworth.

Appeal from a conviction of assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Fred R. Switzer,* for appellant.—On question of incompetent witness: Traylor v. State, 23 S. W. Rep., 798; Thomas v. State, 146 S. W. Rep., 878.

*C. C. McDonald,* Assistant Attorney General, *John H. Crooker,* and *L. M. Williamson* and *E. T. Branch,* for the State.—On question of incompetent witness: Davis v. State, 45 Texas Crim. Rep., 183; Grin v. Shine, 187 U. S., 181; Sparkman v. State, 61 Texas Crim. Rep., 429; Robertson v. State, 63 id., 268; Baldwin v. State, 39 id., 245, and cases cited in opinion.

HARPER, JUDGE.—Appellant and his wife were charged, in separate complaints, with making an assault on Beatrice Williams. Appellant being a man, the complaint against him charged aggravated assault. His wife and the assaulted party both being women, the complaint against her charged simple assault.

Both complaints were pending in the County Court at law at the time of this trial. When appellant's case was called he did not ask that his wife be first tried, but announced ready. When the State rested he tendered his wife as a witness in his behalf; the district attorney objected, she being charged in a separate complaint with being a principal in the offense for which the appellant was then being tried. The court sustained the objection, and all the bills of exception in the record relate to the correctness of the court in so ruling. Appellant contends that article 91 of the Penal Code, and article 791 of the Code of Criminal Procedure only disqualifies those who may be *indicted*

as principals, and does not disqualify those who are only prosecuted by complaint and information. He contends that the word "indictment" has a well defined legal meaning, and does not embrace prosecutions by complaint and information. It is true that the term "indictment" has a technical legal definition which only embraces "a written accusation against one or more persons presented by a grand jury legally convened." (Bouvier's Law Dic. and cases therein cited.) But our Penal Code provides (article 10) that words not defined in the Code "are to be taken and construed in the sense in which they are understood in common language." In common everyday language any person legally charged and held for trial is understood to be indicted, and when we say one is "held under indictment" charged with an offense, all that is meant is that there is a legal accusation pending against him in the courts of his country. In the Century Dictionary the word is there defined: "The act of indicting; accusation; formal charge or statement of grievances; formal complaint before a tribunal." This is the generally and commonly accepted meaning of the word, and not the technical legal definition.

These articles of our Code are of long standing, and it has been the universal rule, so far as we are informed, when two or more persons are charged by complaint and information with being principals in the commission of an offense, they are incompetent as witnesses for each other. Jordan v. State, 29 Texas Crim. App., 595; Davis v. State, 45 Texas Crim. Rep., 183; Sparkman v. State, 61 Texas Crim. Rep., 429; Baldwin v. State, 39 Texas Crim. Rep., 245; Robertson v. State, 63 Texas Crim. Rep., 268; Oliver v. State, 65 Texas Crim. Rep., 150.

As both complaints were pending in the County Court at Law when the objection was made, the court had judicial knowledge of the pendency of the complaint against the wife, and there was no error in refusing to permit her to testify in behalf of appellant.

The judgment is affirmed.                    *Affirmed.*