## MARTIN BARGAS *v.* THE STATE.

### No. 5514. Decided November 12, 1919.

**1.—Theft of Cattle—Bill of Exceptions—Practice on Appeal.**

Where the bill of exceptions purporting to be a transcript of what occurred on the trial was not approved by the trial judge or presented to him or properly filed in time, it cannot be considered on appeal.

**2.—Same—Name of Defendant—Variance—Rule Stated.**

Where appellant contended that his name was Vargas instead of Bargas as alleged in the indictment, and therefore there was a variance, but it appeared from the record that he failed to request the court to change said name in the indictment, there was no reversible error; the rule would be different if .there had been a variance in the name of the alleged owner.

**3.—Same—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions the overruling of an application for a continuance cannot be considered on appeal.

**4.—Same—Motion for New Trial—Bill of Exceptions—Sufficiency of the Evidence.**

In the absence of a bill of exceptions, a motion for new trial containing several grounds cannot be considered on appeal, and the evidence being sufficient to sustain the conviction, there is no reversible error.

Appeal from the District Court of Medina. Tried below before the Hon. R. H. Burney, judge.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Diedrich A. Meyer,* for appellant.

*C. M. Cureton,* Attorney General, *W. A. Keeling,* Assistant Attorney General, for the State.—On question of name of defendant: Kinkead v. State, 61 id., 651; Sugarman v. State, 73 Texas Crim. Rep., 619, 166 S. W. Rep., 732.

DAVIDSON, PRESIDING JUDGE.—This conviction was for theft of cattle, the punishment being assessed at two years in the penitentiary.

There are no bills of exception contained in the record. Appellant filed in this court on the 5th of the current month what he terms bills of exception. This purports to be a transcript of what occurred on the trial as shown by the stenographer's notes, and is so certified by the stenographer. The court adjourned on the 2nd of May last. These exceptions are not approved by the judge, nor were they presented to him. This document cannot be considered. In order to constitute a bill of exceptions it must first be approved by the court certifying its correctness, and, second, it must be filed either in term time or within such time as may be authorized by law.

Appellant contends that inasmuch as it developed upon the trial that his name was Vargas instead of Bargas as alleged in the indictment, therefore there was a variance. In this contention there is no merit. Appellant when arraigned plead to the indictment as charged. Had he desired to have the indictment corrected or plead under his proper name, he should have so suggested to the court and the indictment would then have been changed to meet the request so as to show his real name. The law makes a distinction between the name of the defendant alleged in the indictment and the supposed variance by the proof and that of the alleged owner. The defendant may plead by any name if he sees proper, but if he pleads to the name as alleged in the indictment a reversal will not occur, nor would any error be shown. The decisions are quite numerous to this effect.

Appellant filed an application for a continuance. This matter can be disposed of with the statement that a bill of exceptions was not reserved to its refusal, and, therefore, it cannot be considered.

The motion for new trial contains several grounds which can not be considered in the absence of exceptions. While the evidence is circumstantial, we are of opinion it is sufficient to sustain the conviction. A statement of this testimony would be of no service or value, and, therefore, it is not included in the opinion.

*Affirmed.*