## J. W. CADLE v. THE STATE.

No. 6546. Decided December 21, 1921.

**1.—Adultery—Sufficiency of the Evidence—Extra-Judicial Confession—One Act.**

Where, upon trial of adultery by living together and having carnal intercourse, the evidence sustained the conviction not only by an extra-judicial confession, but by corroboration of the same, a conviction was sustained, and there was no reversible error, and one act of such intercourse was sufficient to sustain the conviction.

**2.—Same—Rule Stated—Corroboration.**

While the rule that the extra-judicial confession of one accused of crime to the fact that he committed the act charged is insufficient of itself to justify conviction, yet the same may be corroborated, and the evidence will then be sufficient.

**3.—Same—Election by State—Charge of Court—Practice in Trial Court.**

Where the defendant complained that the court should have charged the jury not to consider the first count in the information, to-wit, that of habitual intercourse without living together, but seemed to have been satisfied with the court's refusal to permit an election, and there was no bill of exceptions, there was no reversible error.

**4.—Same—Charge of Court—Intercourse—Accomplice.**

Where, upon trial of adultery by living together, etc., the court's charge with regard to the character of intercourse necessary, and on the question of accomplice being in proper form, there was no error in refusing defendant's requested charges on these points.

**5.—Same—Evidence—Judgment—Practice in Trial Court.**

Where appellant complained of the evidence of the judgment of a justice court, which was introduced upon trial, but the record on appeal showed that oral testimony to the same fact had been admitted without objection, to the effect that the prosecuting witness had pleaded guilty to vagrancy in the justice court, there was no reversible error., and that said judgment was rendered on Sunday was no objection.

**6.—Same—Evidence—Harmless Error—Practice on Appeal.**

Where, upon trial of adultery by living together, the evidence objected to was at most, harmless, and the admission of same was not such error as to be prejudicial, there was no reversible error.

Appeal from the County Court of Ellis. Tried below before the Honorable F. L. Wilson.

Appeal from a conviction of adultery by living together, etc.; penalty, a fine of $200.

The opinion states the case.

*J. T. Spencer,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Ellis County of the offense of adultery, and his punishment fixed at a fine of $200.

There were two counts in the information, adultery, being charged in one by means of living together and having carnal intercourse, and in the other by habitual carnal intercourse without living together. The main contention of appellant, which is raised in various ways, is that the evidence does not support the general verdict rendered, nor the judgment of guilty. If said verdict can be sustained under either count, under our practice, it will be upheld by us. That the parties lived together is without controversy. Miss Ohr, who was the woman with whom appellant's adultery was charged, testified: "I came to Waxahachie some time during the summer of 1920 and lived for a time with J. W. Cadle and family." Walter Heine testified: "While Freddie Mae Ohr was living at the house of defendant," etc. Will Carroll testified: "At the time Freddie Mae Ohr was living at his house," etc. John Hutchinson testified: "While Freddie Mae Ohr was living at the home of defendant," etc. There was no testimony in anywise contradictory of the fact that the young woman lived at the home of appellant. It is well settled that one act of intercourse where the parties live together, will meet the requirements of the statute. Swancoat v. State, 4 Texas Crim. App., 105; Bird v. State, 27 Texas Crim. App., 635; Bodkins v. State, 75 Texas Crim Rep., 499, 172 S. W. Rep., 216. The issue of the living together of appellant and the young woman being settled against him, there remains but the question of the sufficiency of the testimony to show intercourse between such parties while they lived together. This fact could be shown to the satisfaction of the jury by circumstantial evidence if necessary. It could also be shown by the extra-judicial admsisions of appellant if corroborated by other evidence. The young woman testified as a witness and gave evidence of her continued intimacy and association with appellant, which seems fully corroborated by the testimony of other people. She

90 T. C.—30

testified that he had a number of acts of intercourse with her at various times, none of which she said took place at his home. She testified that while she lived in his house appellant's wife was confined in a sanitarium for some weeks. She also testified that she had stated to the county attorney of Ellis County, which statement was by said county attorney reduced to writing and signed by her, that while she lived in the home of appellant he slept with her three or four nights in his house before she let him have intercourse with her at said house. While giving her testimony she enumerated other things which she said were contained in said written statement, such as the fact that she and appellant slept together for several nights at said house, and that appellant paid her board and room rent at other places, and paid for most of her clothes, etc. This testimony of the young woman seems to have been introduced before the jury without objection. She also testified that some of the things in said witness' statement were true, but denied that appellant had intercourse with her at his house. Her only excuse for what she says was an incorrect statement on her part on this point, as detailed to the county attorney, was that she was scared. Let us see. The proof being ample that the parties lived together, and her statement that they slept together several nights at his house being unchallenged, and it appearing in the record without controversy that after she left his house she went to a rooming house in Italy where she admits carnal intercourse with appellant, and that he paid a fine for her for vagrancy, which charge must, in the nature of things, have been predicated upon her bad character or conduct, and their continued association and intimacy being testified to by other persons, and it being testified to by three parties, without contradiction, that while the young woman lived in appellant's home he told them that he had to sleep with her three or four nights before he could "do any good," or "before he had any luck," or "before he had any success," seems ample proof to our minds to justify the conclusion of the jury that appellant had intercourse with the young woman at his house while she was living there. We recognize the fact that the extra-judicial confession of one accused of crime, to the fact that he committed the act charged, is insufficient of itself to justify a conviction, but same may be corroborated. We think the statements made by appellant to the three witnesses mentioned, to the effect that he slept with the young woman three or four nights at his house before he had any luck, or before he could do any good, or before he had any success, admit of but one interpretation, and that is, that he slept with her three or four nights before he had carnal intercourse with her. She does not deny, but on the contrary seems to admit, that he did sleep with her three or four nights while she lived at his house. She also admitted having stated to the county attorney that on one of said nights he had carnal intercourse with her. We think the evidence sufficiently corroborates the extra-judicial confession of appellant and shows him to be guilty under the first count in the information.

What we have just said disposes of appellant's contention that the evidence does not support the verdict, and that the court should have given a peremptory instruction, and that the court should have charged the jury not to consider the first count in the information against defendant. The appellant asked that there be an election between the counts, but seems to have been satisfied with the court's refusal to require the State to elect inasmuch as no bill of exceptions was taken to the action of the court in declining to compel the State to make such election.

We think the court's charge to the jury, with regard to the character of intercourse necessary to constitute guilt, sufficient.

The trial court told the jury that the witness Freddie Mae Ohr was an accomplice and that her testimony must be corroborated, and there was no error in refusing appellant's special charge on this point.

Appellant has a bill of exceptions to the introduction in evidence of the judgment of the justice court finding Freddie Mae Ohr guilty of vagrancy. The young woman herself had testified without any objection that she pleaded guilty in said court to vagrancy, and this evidence being before the jury without objection, we would hold that the introduction of the judgment itself could present no error. The fact that the judgment was rendered on Sunday would be no sufficient ground of objection thereto.

Appellant also complains that the State was permitted to prove by the witness Pierce the following: While Freddie Mae Ohr was staying at the home of defendant, while defendant's wife was in the sanitarium, he went to defendant's place of business and made inquiry for him and was told that defendant was at his residence. Appellant's ground of objection to this testimony was that it might have led the jury to believe that appellant was at his residence with Freddie Mae Ohr. In our view of this matter if the evidence was fairly susceptible of that construction it was legitimate to go before the jury; if it was not susceptible of that construction, it was harmless, and we are inclined to think that its admission was not such error as to be prejudicial.

Finding ourselves unable to agree with appellant's contentions, and believing no reversible error appears in the record, the judgment of the trial court will be affirmed.

*Affirmed.*