## W. A. SIMS v. THE STATE.

No. 6872.   Decided April 12, 1922.

**1.—Child Desertion—Statement of Facts—Practice on Appeal—County Court.**

Under article 845, C. C. P., a statement of facts in a case originating in the County Court which was filed within ninety days after the adjournment of such court is filed within the time fixed by the statute.

2.—Same—Insufficiency of the Evidence.

Where, upon trial of child desertion, the evidence was insufficient to sustain the conviction, the desertion not being wilfull, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Tarrant. Tried below before the Honorable P. W. Seward.

Appeal from a conviction of child desertion; penalty, a fine of $25. The opinion states the case.

*John L. Poulter*, for appellant.—On question of insufficiency of the evidence, Verse v. State, 193 S. W. Rep., 303; Hollien v. State, 224 id., 779; Trial v. State, 205 id., 343; Irving v. State, 166 id., 1166.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Tarrant County of the offense of child desertion, and his punishment fixed at a fine of $25.

The State contends that appellant's statement of facts was filed too late in the instant case, and moves to strike out same. Reference is made in the State's motion to Article 844a, Vernon's C. C. P. In Gribble v. State, 85 Texas Crim. Rep., 52, 210 S. W. Rep., 215, we reviewed at length the authorities pertinent to this question and arrived at the conclusion that under Article 845, Vernon's C. C. P., which was an Act of the Legislature in 1909, a statement of facts in a case originating in the County Court which was filed within ninety days after the adjournment of such court, was filed within the time fixed by statute. The motion of the State must, therefore, be denied.

We deem it necessary to discuss only the sufficiency of the facts. The wife of appellant testified that she and appellant lived together until about a year prior to the trial, that their child was about two and one-half years old, and was the child for the desertion of which this conviction was had. Said witness testified that she earned $12 per week, and that her mother lived with her and took care of said child. She further testified as follows:

"Mr. Sims has made repeated efforts to get me to come back and live with him as his wife and has offered to support me and take care of me and the baby and I refused to do so and still refuse to do so and have also refused to permit him to have the baby, I don't think a man like him ought to ask to even see it; but I do want him to furnish me money, I will spend all the money he will furnish for the baby. My proposition is for him to let me be independent and raise the baby, and his proposition is for me to give him a divorce, and he offered to give me fifty dollars a month up until the baby got his

teeth, but the baby has not finished cutting his teeth yet, and he has not lived up to his part of the contract. I would live with him now on one condition that is to let me be independent, he has not bought me any clothes in the last three years. I was satisfied with what he was giving me until he stopped. Mr. Sims has offered to take the baby and put it with his mother, and I refused to let him do it. So he could see it once in a while.'' There is nothing in the record in anywise controverting this testimony of the mother of the alleged deserted child. Under these facts it must be manifest that the verdict of conviction is not only unsupported by testimony, but is directly against the weight thereof. Mrs. Sims testified positively that appellant offered to take the child and take care of it and that she refused to let him do it. She said that he had offered to come back to her and live with her as his wife and support both her and the child, but that she had refused and still refuses to do this, and refuses to permit him to have the baby. This is an unfortunate state of affairs, but this court can only declare the law as it sees same and as applicable to facts made by the testimony in a given case before it. The gist of the offense charged against appellant lies in his wilful desertion of his child, or his wilful neglect of it, or his wilful refusal to provide for the support and maintenance of said child. That in an unfortunate controversy over any child one party to the marital copartnership should demand that the care, custody and control of the child should be yielded by the other, would seem to carry with it an assertion of willingness to support and maintain said child. Mrs. Sims having announced her refusal to permit appellant to take said child and provide for it, and having accompanied this with the further statement that she herself was unwilling to live with him and permit him to support herself and the child, would seem to put the situation in such attitude as that this court must hold that the action of appellant in not supporting the child lacks the essential feature of being wilful and without justification. So concluding, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*