CHRIS KECK v. THE STATE.

No. 7481.    Decided March 7, 1923.

**Rape—Statement of Facts—Bills of Exception.**

Where the statement of facts and bills of exception were not filed in the office of the clerk of the trial court within ninety days from the adjournment of the trial court, they are filed too late, and cannot be considered on appeal; and the indictment being in accordance with law, the charge of the court in proper form, the judgment must be affirmed.

Appeal from the District Court of Montague. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of rape; penalty, five years in the penitentiary.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Montague County of the offense of rape, and his punishment fixed at five years in the penitentiary.

The trial term of the court below ended on July 15, 1922. When appellant's motion for new trial was overruled and his notice of appeal given, an order granting him ninety days from adjournment of court in which to file statement of facts and bills of exception, was entered. A simple computation of the time so granted will make it plain that sixteen days of July added to thirty-one in August and thirty in September, would make the ninety day period expire on October 13th. The statement of facts in this case and each of the bills of exception were filed in the office of the clerk of the trial court on October 15, 1922. We are given no right under the statute to consider bills of exception and statements of facts filed too late.

The indictment was in accordance with law, charging statutory rape upon Edith Howard, a female under the age of fifteen years, she not being the wife of appellant. The charge of the court submitted the law of the case, and there being no statement of facts or bills of exception, it follows that an affirmance must be ordered.

*Affirmed.*