DAVE WEAVER v. THE STATE.

No. 8168.   Decided March 12, 1924.

Rehearing denied April 9, 1924.

**1.—Possessing Intoxicating Liquor for the Purpose of Sale—Bills of Exception—Rule Stated.**

It is imperative that bills of exception be filed within the time prescribed by law, otherwise this court is without authority to consider them, and no reason appearing in this record for the failure to prepare and cause the filing of the bills within the time which was granted by the court below they cannot be considered.

**2.—Same—Sufficiency of the Evidence—Companion Case.**

The facts are practically the same as were embraced in a companion case, and the evidence being sufficient to support the conviction the judgment is affirmed.

**3.—Same—Rehearing—Filing Bills of Exception.**

An extension order was entered on May 21, in which appellant was specifically given thirty days from the fourth of June. No other extension order appears in the record. Manifestly thirty days from the fourth of June would expire on the fourth of July, and the bills of exception in the record appearing filed at a later day cannot be considered.

Appeal from the District Court of Denton. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.—On question of filing bills of exception: Keck v. State, 248 S. W. Rep., 1074; Palmer v. State, 245 S. W. Rep., 238; Griffin v. State, 59 Texas Crim. Rep., 424; Sanders v. State, 60 Texas Crim. Rep., 34.

MORROW, PRESIDING JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for one year.

There are bills of exception found in the record, but they were not filed in time to authorize their consideration. The court adjourned on the 7th day of April. The bills were filed on the 5th day of July. Two orders are found extending the time, the first of which was made on April 4th, granting an extension of sixty days after adjournment within which to file the bills of exceptions. This time expired on June 2nd. On May 21st, an extension was ordered for thirty days after the 4th of June, which expired on July 4th. In the absence of some legal excuse for delay, it is imperative that bills of exception be filed within the time prescribed by law, otherwise this court is without authority to consider them. No reason appears in the present record for the failure to prepare and cause the filing of the bills within the time which was granted by the court. Cases in point are Keck v. State, 93 Texas Crim. Rep., 591, 248 S. W. Rep., 1074; Bargas v. State, 86 Texas Crim. Rep., 231; Tompkins v. State, 87 Texas Crim. Rep., 502; Nothaf v. State, 91 Texas Crim. Rep., 619, 239 S. W. Rep., 215.

The facts are practically the same as were embraced in the appellant's appeal from a conviction of manufacturing intoxicating liquor. The two cases apparently grow out of the same transaction. See Dave Weaver v. State, 96 Texas Crim. Rep., 273. In that case, a reversal was ordered because of the refusal of the court to instruct the jury upon the law of circumstantial evidence. In the present case, dealing with appellant's possession of the whisky of which in the former case he was charged with manufacturing, no question touching the sufficiency of the charge of the court is here for review; nor is there any plea of former jeopardy. The evidence is deemed sufficient to support the conviction. The judgment is affirmed.

*Affirmed.*

97 T. C.—7.

ON REHEARING.

April 9, 1924.

LATTIMORE, JUDGE.—In support of his motion appellant insists that we erred in holding his bills of exception filed too late and we have again examined the record. The trial court adjourned on April 7, 1923. An order granting sixty days from the adjournment of court in which to file bills of exception and statement of facts was made. Our former opinion was mistaken in stating that this expired on June 2nd, but the mistake was immaterial. An extension order was entered on May 21st in which appellant was specifically given thirty days from the 4th of June. No other extension order appears in the record. Manifestly thirty days from the 4th of June would expire on the 4th of July. Each of the bills of exception in the record appears filed at a later date. We regret that under the uniform holdings of this court and the statutes of this States we are barred from considering such bills of exception.

No other matter being complained of in the motion, same will be overruled.

*Overruled.*