ALVIE ADAMS V. THE STATE.

No. 16408.   Delivered February 28, 1934.
Rehearing Denied April 11, 1934.

The opinion states the case.

*Edgar Hutchins* of Crosyton, *T. L. Price*, of Post, and *L. G. Mathews*, of Floydada, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Adultery is the offense; penalty assessed at a fine of $350.

The trial took place on May 19, 1933, and the verdict of the jury rendered upon the same day. There was no extension of time for the filing of the statement of facts and bills of exception, which were filed on August 17, 1933. The court adjourned on May 25, 1933. Under article 760, C. C. P., 1925, the time allowed by law for filng the statement of facts in a misdemeanor case, in the absence of an extension of time by order of the court, is thirty days from the date of the adjournment of court. In the present instance, the statement of facts having been filed more than thirty days after adjournment cannot be considered. The same rule is applicable to the bills of exception, which as above stated, were filed August 17, 1933.

Upon the condition of the record before us, this court has no choice other than to affirm the judgment of conviction, which is accordingly ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Without reciting the facts in detail, they seem sufficient to show that appellant and Mrs. Scott lived in the same house. Various witnesses, including appellant, testified to such fact. In such case proof of the alleged adultery would be made out by testimony direct or circumstantial showing one act of intercourse between appellant and Mrs. Scott. Bird v. State, 27 Texas App., 635; Shaw v. State, 49 Texas Crim. Rep., 379. Appellant had a wife and son who lived in town, but he lived out on his farm and ranch, and testified that he needed some one for a housekeeper, and that Mr. and Mrs. Scott came out to his place in June 1932, shortly after which Mr. Scott left, and Mrs. Scott and her little daughter remainded. On the night of February 5, 1933, five officers went to appellant's house. Some went to the rear, some to the front. There was but one front door, which opened. into what is called the northwest room of the house. There was a bed in this room, also one in the southwest room, and one in the back room. The testimony shows that the sheriff knocked on the door of said northwest room and called out. He testified that·he heard the springs of the bed in said room "rattle" and heard footsteps coming from the bed to the door. Appellant opened the door. He was in his underclothes. Mrs. Scott was in the bed in said northwest room. There were two pillows on the bed. A man's clothes were on a settee in said room. Appellant put them on after the officers entered. Mrs. Scott's little girl was found alseep in a bed in the southwest room. No one else was in the house. The above appears from the testimony of Mr. Johnston, who swore that he was positive appellant was in the bed in the northwest room when he went up there. The other officers gave supporting testimony. One of them, who was with Sheriff Johnston, testified that when appellant first came to the door he said to Sheriff Johnston: "I wish you were dead." The case was submitted on the law of circumstantial evidence. We think the testimony sufficient. For some what similar facts see Frey v. State, 94 Texas Crim. Rep., 109; Johnson v. State, 93 Texas Crim. Rep., 81. That parties who do live together my be shown by circumstantial evidence to be guilty of adultery is held in George v. State, 90 Texas Crim. Rep., 494; Cadle v. State, 90 Texas Crim. Rep., 464; Brown v. State, 69 Texas Crim. Rep. 138.

There are three bills of exception. One complains of the rejection of the testimony of Mrs. Scott. It was shown that she was charged with the same offense as appellant, and was there-

fore incompetent. Morrill v. State, 5 Texas App., 447; Sola v. State, 80 Texas Crim. Rep., 113, 188 S. W., 1005.

Bills 1 and 2 complain of the admission of testimony of witnesses that they "Heard a noise as of some one getting out of bed in the northwest room," and by another witness as follows: "I heard the springs of the bed rattle like some one getting out of the bed." We do not think a witness would have to qualify as an expert in order to give such testimony, nor that same was so purely a conjecture and opinion as should be rejected as testimony. However, we note that during the cross-examiniation of the witness Cash he again said without objection that he heard some one get out of bed, and that Mr. Johnston said in connection with his statement that he heard the springs rattle like some one getting out of bed, that he heard steps coming toward the door from the bed, and that appellant opened the door. We perceive no error in either bill.

We find much complaint in appellant's motion of the failure to show that the alleged adultery was committed within the period of limitation. We are not able to agree with learned counsel. Appellant himself swore that Mrs. Scott came to his house in June 1932. This complaint was filed in 1933, and the testimony related to a time prior to the filing of the complaint. A Mrs. West testified for the defense that Mr. Scott brought his wife to appellant's place and left her there in June 1932.

By supplemental transcript appellant has brought before this court sufficient showing that at the time his motion for new trial was overruled, the court made an order giving appellant ninety days in which to file his statement of facts and bills of exception. Same appear to have been filed within the ninety days, and have been considered in connection with appellant's motion for rehearing.

Finding no error leading us to conclude the case was improperly decided, the motion for rehearing will be overruled.

*Overruled.*