# JANUARY 15, 1936

J. L. CADRIN V. THE STATE

No. 17832. Delivered January 15, 1936.

The opinion states the case.

*Eugene H. Murphy*, of Longview, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is polluting a water course; the punishment, a fine of one hundred dollars.

The trial court adjourned May 13, 1935. Under Art. 760, C. C. P., the time allowed by law for filing the statement of facts in a misdemeanor case, in the absence of an extension of time by order of the court, is thirty days after the day of the adjournment of court. Adams v. State, 70 S. W. (2d) 172; Elbury v. State, 25 S. W. (2d) 846; Stewart v. State, 2 S. W. (2d) 440. On the 15th of June, 1935, appellant filed a statement of facts in the trial court, which said statement was in question and answer form. The statute demanded that it be in narrative form. Art. 760, C. C. P., as amended; Adams v.

State, 72 S. W. (2d) 248. At all events it was filed more than thirty days after the adjournment of the court.

On the 10th of July, 1935, the trial judge entered an order extending the time in which the statement of facts might be filed. It is apparent that this order was entered more than thirty days after the adjournment of court. To be effective, it should have been made before the expiration of said thirty days. Stewart v. State, supra. On August 5, 1935, appellant filed in the trial court a statement of facts in narrative form. It is manifest that it was filed too late and can not be considered. No sufficient reason is shown why it was not filed within the time required by the statute.

Gribble v. State, 210 S. W., 215, and Sims v. State, 239 S. W., 974, are not authority for holding that the statement of facts herein was filed in time. The statutes construed in said cases accorded the same time for filing statement of facts in misdemeanor cases as was prescribed in cases of felony. See Chap. 39, Acts 1909, First Called Session, and Chap. 119, Acts 1911, page 264. When the criminal statutes were revised in 1925, the Legislature enacted Art. 760, C. C. P., which, among other things, provides that a statement of facts in a felony case filed within ninety days from the date notice of appeal is given shall be considered as having been filed within the time allowed by law for filing same. Under the terms of said article, as we have already observed, the time allowed for filing the statement of facts in a misdemeanor case, in the absence of an extension of time by order of the trial court, is thirty days after the day of adjournment of said court.

No bills of exception are brought forward.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.