## E. B. SHANNON V. THE STATE.

No. 23085. Delivered March 14, 1945.
Rehearing Denied April 25, 1945.

The opinion states the case.

*M. P. McCoy,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted of aggravated assault and his pun-

ishment assessed at confinement in the county jail for thirty days.

The case was tried before the court without the intervention of a jury. The record is before this court without bills of exception. The State's brief points out that the statement of facts is filed too late, but suggests that even if it should be considered that it only shows a conflict in the testimony which was a question for the trial court to determine. It occurs to us that the State is correct in both particulars.

The amended motion for new trial was overruled on the 30th day of September, 1944, and the court adjourned for the term on that date. Thereafter, on the 28th day of October the court, on the application of appellant, extended the time in which to file the statement of facts and bills of exception for a period of thirty days. This extension expired on the 29th day of November, and no further extension was thereafter applied for. The statement of facts was not filed in the court below until the 15th day of December, 1944. Thus it will be noted that the statement of facts was not filed within the time required by Article 760 C. C. P., and, therefore, can not be considered. See Brewer v. State, 137 S. W. (2d) 21; Cadrin v. State, 129 Tex. Cr. R. 525, 89 S. W. (2d) 1001.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for a rehearing in which he re-iterates his contention that the evidence is insufficient to support his conviction. On the original submission of this case, we specifically stated that the statement of facts was filed too late to be considered by this court, and in the absence of such a statement of facts, there is not any way by which we can pass upon the question raised in the motion.

It follows from what we have said that the motion should be overruled, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.