ALVIN TURNER V. STATE.

No. 24333. May 4, 1949.
Appeal Reinstated June 22, 1949.
Rehearing Denied October 12, 1949.
Request for Leave to File Second Motion for Rehearing Denied
(Without Written Opinion) November 2, 1949.

*Aubrey Morris,* Waco, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $200.00 and three months in jail on a charge of transporting whisky in a dry area.

The term of court at which he was tried began on the 1st day of November, 1948, and adjourned on the 20th day of November following. During the term of court and on the 13th day of November appellant filed an appeal bond, which was approved by the county judge and the sheriff. The provisions of our statute for appeals during term time provide for entering into recognizance instead of filing an appeal bond. Articles 830

and 831, Code of Criminal Procedure. We have frequently held that an appeal bond filed during the term of court does not give this court jurisdiction.

The appeal is dismissed.

REINSTATEMENT OF APPEAL.

KRUEGER, Judge.

At a former day of this term of court, we dismissed the appeal in this case because appellant, during the term of the court below, filed an appeal bond instead of entering into a recognizance. Since then, appellant has filed a motion to reinstate the appeal accompanied by a supplemental transcript showing that since the trial court adjourned he filed an appeal bond. Therefore, the appeal is reinstated and the case will now be disposed of on its merits.

The record reflects that on the 21st day of October, 1948, peace officers, armed with a search warrant directing them to search appellant's dwelling, proceeded to his home and searched the same. The search of the home proved to be fruitless since no intoxicating liquor was found therein. About the time the officers had completed their search, appellant drove up in his automobile, and the officers searched it and found therein a paper bag containing four pints of whiskey.

Appellant, in a supplemental transcript, brings forward two bills of exceptions wherein he complains of certain rulings of the court in the admission of evidence. These bills can not be considered by us since they were filed too late. Appellant's motion for a new trial was overruled on the 20th day of November, 1948, at which time he gave notice of appeal. He had thirty days from that date in which to file his bills of exceptions, but he failed to do so until the 11th day of January, 1949. See Farris v. State, 85 Tex. Cr. R. 86 (209 S. W. 665); and Weaver v. State, 97 Tex. Cr. R. 96 (260 S. W. 188).

No error being reflected by the record, the judgment of the trail court is affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The term of court at which the instant conviction was had ended on the 20th day of November, 1948. No extension of the statutory time within which bills of exception might be filed was granted. Appellant was, under the provisions of Art. 760, C. C. P., required to file his bills of exception or secure an extension of the time for filing within thirty days from said date, neither of which was done.

On January 4, 1949, the trial court entered an order extending the time for filing, and appellant filed his bills of exception within the extended time.

Appellant contends that the bills of exception so filed are entitled to be considered. With this contention we cannot agree.

The trial court was without jurisdiction to extend the time of filing after the expiration of the time allowed by statute. Art. 760, note 44, Vernon's C. C. P., and authorities there listed.

The bills of exception cannot be considered.

The motion for rehearing is overruled.

Opinion approved by the court.