Honors is respectfully invited to this qualification on the bill.

"Because of the matters recited in this bill it is the opinion of the State's Attorney that reversible error is shown and that the judgment of conviction will of necessity be reversed; therefore, it is not thought worth while to discuss the other bills of exception.

"The presumption of innocence is the most valuable of the defendant's rights, and it seems that a charge upon this subject is essential in every criminal case. Roberts v. State, 91 Tex.Cr.R. 433, 239 S. W. 960; Dugan v. State, 86 Tex.Cr.R. 130, 216 S.W. 161.

"In Coffee v. State, 5 Tex.App. 545, it was held that where the trial court failed to instruct the jury in its general charge that the accused is presumed to be innocent until his guilt is established by legal testimony, error was committed in refusing to give such charge when requested by the accused.

"Dominguez v. State, 141 Tex.Cr.R. 67, 147 S.W.2d 480, was a misdemeanor case where the accused was prosecuted on the charge of unlawfully carrying a pistol. There it was held that refusing to instruct the jury relative to presumption of innocence was error.

"In Harris v. State, 150 Tex.Cr.R. 36, 198 S.W.2d 1020, where the prosecution was for the unlawful possession of whisky for purpose of sale in a dry area, it was held to be reversible error to fail to give a requested instruction that every defendant in a criminal case is presumed to be innocent until his guilt is established beyond a reasonable doubt. This case seems to be very much in point.

"It is thought that the failure of the trial court to charge on the presumption of innocence is reversible error, and so thinking, it is not desired to burden the Court with a discussion of the other bills of exception."

The foregoing brief is adopted as the opinion of the Court and the judgment of the trial court is reversed and the cause is remanded.

McGUIRE v. STATE.

No. 25224.

Court of Criminal Appeals of Texas.

March 21, 1951.

No attorney for appellant.

R. L. Whitehead, Criminal Dist. Atty., David C. Moore, Asst. Crim. Dist. Atty., Longview, George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is the operating of a motor vehicle upon a public highway by appellant while his operator's license was suspended. Art. 6687b, Sec. 34, Vernon's R.C.S. Punishment was assessed, at a fine of $50 and ten days in jail.

The bills of exception and, this being a misdemeanor case, the statement of facts accompanying the record cannot be considered, inasmuch as they were not filed within the statutory thirty-day period after adjournment of court (November 11, 1950) at which this conviction was had and no extension of time for such filing

was granted. The record reflects that the bills were filed on January 17, 1951. Art. 760, Sec. 5, C.C.P. Turner v. State, Tex.Cr.App., 223 S.W.2d. 236; Cadrin v. State, 129 Tex.Cr.R. 525, 89 S.W.2d 1001.

For the reason assigned, the judgment is affirmed.