208

GRAVES, Presiding Judge.

The conviction is for a violation of the liquor law in Hockley County; the penalty assessed is a fine of $225.

The statement of facts accompanying the record appears never to have been filed in the trial court. Therefore, the same cannot be considered by us.

The three bills of exception found in the transcript complain of the introduction of certain evidence upon the trial. However, in the absence of a statement of facts which can be considered, we are unable to appraise the bills of exception.

Perceiving no error in the record, the judgment of the trial court is affirmed.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

The offense is the unlawful driving, while intoxicated, of a motor vehicle, with punishment assessed at a fine of $50.

The bills of exception and, this being a misdemeanor case, the statement of facts accompanying the record may not be considered, inasmuch as they were not filed within the statutory thirty-day period following adjournment of court, on December 30, 1950, at which this conviction was had, and no extension of time for such filing was granted. The record reflects that the bills were filed, as was the statement of facts, on February 14, 1951. Art. 760, C.C.P. (Sec. 5). Turner v. State, Tex.Cr.App., 223 S. W.2d 236; Cadrin v. State, 129 Tex.Cr.R. 525, 89 S.W.2d 1001.

The judgment is affirmed.

Opinion approved by the Court.

## LOPEZ v. STATE.
### No. 25258.

Court of Criminal Appeals of Texas.
April 4, 1951.

See also, 225 S.W.2d 852.

Fryer & Milstead, El Paso, for appellant.

## WELLS v. STATE.
### No. 25195.

Court of Criminal Appeals of Texas.
April 4, 1951.

